**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William James POGUE, Defendant–Appellant.**

No. 04–10285.

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Nov. 30, 2005.

Richard C. Baker, Assistant U.S. Attorney, U.S. Attorney's Office Northern District of Texas, Lubbock, TX, for Plaintiff–Appellee.

Ira Raymond Kirkendoll, Federal Public Defender, Federal Public Defender's Office Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM: *

William James Pogue appeals from the revocation of a term of supervised release. He contends that the district court committed plain error by relying on hearsay testimony to find that he violated a condition of supervised release by the unauthorized use of a motor vehicle. Pogue fails to make the requisite showing of plain error. *See United States v. Alaniz–Alaniz,* 38 F.3d 788, 791 (5th Cir.1994) (applying plain error analysis where defendant failed to object to hearsay evidence). Assuming without deciding that the district court erred by relying on hearsay testimony, the district court nonetheless could have imposed the same sentence based on violations that Pogue admitted. Pogue's claim therefore fails because he has failed to show that the district court "would have" imposed a lesser sentence but for the admission of hearsay testimony. *See United States v. Wheeler,* 322 F.3d 823, 828 (5th Cir.2003).

Pogue also contends that the district court committed plain error by failing to apply the principles of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to the Government's burden of proof at the supervised-release revocation hearing. Even after *Booker,* the facts necessary for revocation of supervised release need not be found "beyond a reasonable doubt," and the principles of

the limited circumstances set forth in 5TH CIR R. 47.5.4.

*Apprendi* as expanded by *Booker* do not apply to revocations of supervised release. *See United States v. Hinson,* 429 F.3d 114, 117–18 (5th Cir.2005).

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.